## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| BRITESTARR HOMES, INC., | Case No. 02-50811(AHWS) |
| Debtor. | |
| BRITESTARR HOMES, INC., | Adv. Pro. No.: 03 5089 AHWS |
| Plaintiffs, | |
| v. | 03 5089 AHWS |
| RONALD CHORCHES, in his capacity as chapter 7 trustee of the estate of David Norkin, | |
| Defendant. | |

### COMPLAINT FOR DECLARATORY JUDGMENT AND TURNOVER OF ESTATE PROPERTY

Britestarr Homes, Inc. ("Britestarr"), by and through its undersigned counsel respectfully alleges the following:

1. This is an adversary proceeding pursuant to Sections 541 and 542 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 7001, and 28 U.S.C. §§ 2201 and 2202 seeking a declaratory judgment that cash currently in the possession of Ronald Chorches, Esq., the appointed chapter 7 trustee (the "Trustee") in the estate of David Norkin, Bankr. Case No. 97-50043, in the amount of



$140,000.00 plus interest accrued to date constitute property of the Britestarr bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

2. Additionally, the Complaint seeks immediate turnover of the above-mentioned property pursuant to Section 542 of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This adversary proceeding arises in and relates to the chapter 11 case of Britestarr which is now pending in this district. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and 11 U.S.C. § 542.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and/or (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## PARTIES

6. Britestarr is the Debtor and debtor in possession, pursuant to 11 U.S.C. § 1107.

7. Ronald Chorches, Esq. (the "Trustee") is the trustee of the Norkin bankruptcy estate.

8. David Norkin ("Norkin") is the former president of Britestarr.

## FACTUAL BACKGROUND

9. On January 9, 1997, Norkin filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division (the "Bankruptcy Court").

10. According to Schedule "B" of the Norkin bankruptcy petition, Norkin's principal asset was his residence located at 62 Sherwood Avenue, Greenwich, Connecticut (the "Property").

11. As of the petition date, the Property was encumbered by a first mortgage held by Citicorp Mortgage, Inc. ("CMI") in the aggregate amount of approximately $1,819,508.94 including interest and fees (the "CMI Mortgage"). The Property was also encumbered by a second mortgage held by Chase Mortgage, Ltd. ("CML") in the aggregate amount of approximately $1,218,000.00 (the "CML Mortgage"). In addition, the Property was encumbered by a federal tax lien in the amount of $895,082.97, a New York State Supreme Court judgment in favor of Citibank, N.A. ("Citibank") in the amount of $436,366.46, a mechanics lien filed by Sal Longo & Sons in the amount of $17,275, in addition to other claims.

12. On October 12, 1998, the Bankruptcy Court ordered a sale of the Property to satisfy the above mentioned secured claims. At the sale, CMI offered the high bid and purchased the Property for $2,170,000.00 from which they were permitted to satisfy the CMI Mortgage debt by offset against the purchase price.

13. At the sale approval hearing held on October 28, 1998, the Court directed that all proceeds from the sale of the Property not distributed pursuant to court order be held in escrow.

14. On November 2, 1998, after the closing, CMI transferred the remaining funds totaling $142,549.31 (the "Escrow Funds") to Norkin, then a debtor in possession and fiduciary to the creditors of his bankruptcy.

15. In violation of the provisions of the bankruptcy code, Orders of the Bankruptcy Court and specific instructions from his counsel, Norkin converted the Escrow Funds and spent the entire amount on undisclosed personal expenses.

16. Upon information and belief, in early 2001, Norkin improperly extracted funds belonging to Britestarr (the "Replacement Funds") from an escrow account at Piper Rudnick, LLP and used the Replacement Funds to "replace" the Escrow Funds

17. The Replacement Funds are currently in the possession and under the control of the Trustee. The Replacement Funds are property of the Britestarr bankruptcy estate and are not subject to any interest of the Norkin bankruptcy estate.

18. Counsel for Britestarr has demanded immediate turnover of the Replacement Funds from the Norkin estate. To date, the Trustee has declined to turn over such funds absent a court order.

## CLAIM FOR RELIEF

### Count 1

19. Britestarr incorporates the allegations set forth in paragraphs 1-18 as if fully set forth herein.

20. Britestarr is informed and believes and therefore alleges that property of the Britestarr bankruptcy estate including the Replacement Funds in the amount of no less than $140,000.00 is in the possession of the Trustee.

21. The Replacement Funds are property of the Britestarr estate pursuant to 11 U.S.C. § 541.

22. Pursuant to Section 541 of the Bankruptcy Code, and 28 U.S.C. §§ 2201 and 2202, Britestarr is entitled to judgment declaring the Replacement Funds property of the Britestarr estate.

### Count II

23. Britestarr incorporates the allegations of paragraphs 1- 18 as if fully set forth herein.

24. Britestarr has demanded from the Trustee that the Replacement Funds be immediately turned over to Britestarr, however the Trustee has declined to do so absent a court order.

25. Pursuant to Section 542, Britestarr is entitled to judgment requiring immediate turnover of the Replacement Funds.

**WHEREFORE**, Britestarr respectfully requests that this Court enter an order:

(a) adjudicating and declaring that the Replacement Funds are property of the Britestarr estate, and for immediate turnover of the Replacement Funds; and

(b)     granting such other and further relief to which Britestarr may be entitled at law or in equity.

Dated at Greenwich Connecticut this 21, day of August 2003

Respectfully submitted,

BRITESTARR HOMES, INC,

By: _____
Justin Blackhall, Esq.
Ivey, Barnum & O'Mara, LLC
170 Mason Street
Greenwich, CT 06830
Federal Bar No. CT 24781
(203) 661-6000
(203) 661-9462 (fax)

6

| B 104 (Rev 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | 2000 USBC, District of Connecticut |
|---|---|---|
| | | **ADVERSARY PROCEEDING NUMBER** (Court use Only) |

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| BRITESTARR HOMES, INC. | RONALD CHORCHES, in his capacity as Chapter 7 Trustee of the Estate of David Norkin |

| ATTORNEYS (Firm Name, Address, Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Justin B. Blackhall, Esq.<br>Ivey, Barnum & O'Mara, LLC<br>170 Mason Street<br>Greenwich, CT 06830<br>(203) 661-6000 | 03  5082AHWS |

**PARTY** (Check one box only)    ☒ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is an adversary proceeding pursuant to Sections 541 and 542 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 7001, and 28 U.S.C. §§ 2201 and 2202 seeking a declaratory judgment that cash currently in the possession of Ronald Chorches, Esq., the appointed chapter 7 trustee (the "Trustee") in the estate of David Norkin, Bankr. Case No. 97-50043, in the amount of $140,000.00 plus interest accrued to date constitute property of the Britestarr bankruptcy estate pursuant to Section 541 of the Bankruptcy Code.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☒ 454  To Recover Money or Property
☐ 435  To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458  To obtain approval for the sale of both the interest in the estate and of a co-owner in property
☐ 424  To object or to revoke a discharge 11 U.S.C. §727

☐ 455  To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426  To determine the dischargeability of a debt 11 U.S.C. §523
☐ 434  To obtain an injunction or other equitable relief
☐ 457  To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456  To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459  To determine a claim or cause of action removed to a bankruptcy court
☐ 498  Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $ 140,000.00+ | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
|---|---|---|
| Britestarr Homes, Inc. | 02-50811 | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| Connecticut | Bridgeport | Alan H.W. Shiff |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE<br>August 21, 2003 | PRINT NAME<br>Justin B. Blackhall | SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |